J-S38017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| NICHOLAS ELLERBEE, | |
| Appellant | No. 3562 EDA 2014 |

Appeal from the PCRA Order of November 20, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0504221-1995
and CP-51-CR-0907861-1996

BEFORE:  FORD ELLIOTT, P.J.E., OLSON and JENKINS, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 29, 2016**

Appellant, Nicholas Ellerbee, appeals *pro se* from the order entered on November 20, 2014 that dismissed as untimely his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the factual and procedural history in this case as follows:

> On February 27, 1997, [following a jury] trial, Appellant was convicted of aggravated assault and related charges.  On March 6, 1997, following a separate jury trial, Appellant was convicted of attempted murder and numerous lesser charges.  On April 28, 1997, Appellant was sentenced to an aggregate term of thirty-eight and one-half to seventy-seven years' incarceration at a state institution.  On March 28, 1998, following a direct appeal, this Court affirmed the judgments of sentence.  On October 29, 1999, Appellant filed an untimely *pro se* [PCRA p]etition.  On April 23, 2001, the PCRA court dismissed the petition as

untimely. On January 9, 2002, this Court affirmed the [PCRA] court's dismissal of Appellant's PCRA petition.

On December 22, 2004, Appellant filed a second *pro se* PCRA petition. On January 6, 2006, the [PCRA] court dismissed Appellant's PCRA petition without a hearing. On September 6, 2006, the denial of relief was affirmed following a[n] appeal to this Court[. ***Commonwealth v. Ellerbee***, 911 A.2d 179 (Pa. Super 2006) (unpublished memorandum).]

On August 22, 2012, Appellant filed his third PCRA petition. On November 20, 2014, the [PCRA] court dismissed Appellant's petition without a hearing. On December 1, 2014, the instant notices of appeal were filed to the Superior Court of Pennsylvania. A 1925(b) statement of matters complained of on appeal was filed on December 31, 2014. [The PCRA court issued its Rule 1925(a) opinion on February 23, 2015.]

PCRA Court Opinion, 2/23/15, at 1-2.

Appellant presents the following questions for appellate review:

Did the [PCRA] court [a]buse [i]t's [d]iscretion, and commit [a] [r]eversible [e]rror where it failed to recognize new [c]onstitutional rights pursuant to the new rules announced in ***Miller v. Alabama***, 132 S. Ct. 2455 (U.S. 2012) and ***Alleyne V. United States*** 133 S.Ct. 2151 (U.S. 2013) where an appellant [sic] decision over rules prior law, and announces a new principle, and have not specifically declared the ruling to be prospective only?

Should [42 Pa.C.S.A. §] 9712 be deemed [v]oid [*ab initio*] following [the] ruling in [***Alleyne V. United States*** 133 S.Ct. 2151 (U.S. 2013)] and ***Commonwealth v. Newman***, 99 A.3d 86 (Pa. Super. 2014) in which [section] 9712 was ruled to be unconstitutional?

Appellant's Brief at 2.

Our scope and standard of review is well-settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable

- 2 -

to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (internal citations and quotations omitted).

In order to address Appellant's issues, we must first determine whether the PCRA court correctly determined that Appellant's third PCRA petition was untimely filed. This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and

(iii), is met.[1]  ***See Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545.  A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented."  ***Gamboa-Taylor***, 753 A.2d at 783; ***see also*** 42 Pa.C.S.A. § 9545(b)(2).

In this case, this Court affirmed Appellant's judgment of sentence on March 28, 1998 and Appellant did not seek further review.  Accordingly, Appellant's judgment of sentence became final on April 27, 1998, when the period for seeking review in the Pennsylvania Supreme Court expired.  ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a) (request for review by Pennsylvania Supreme Court must be filed within 30 days of order entered

---

[1] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

by Superior Court). As Appellant filed the instant petition on August 24, 2012, it is patently untimely unless he satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant's first issue invokes the newly recognized constitutional right exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(iii). Appellant argues that his aggregate sentence of 38½ to 77 years' imprisonment – imposed for two separate homicide offenses committed when Appellant was under 18 years of age – is illegal under the United States Supreme Court's decision in ***Miller v. Alabama***. This claim lacks merit.

In ***Miller v. Alabama***, the United States Supreme Court barred the imposition of **mandatory** life sentences without the possibility of parole upon juveniles convicted of homicide offenses. Appellant, however, was never convicted of homicide, nor was he sentenced to life in prison. Thus, ***Miller v. Alabama*** is inapplicable to this case.[2]

Appellant's fallback position that he received a "*de facto*" life sentence is also unavailing. Appellant's lengthy sentence allows for the possibility of parole when Appellant enters his mid-fifties, thereby providing a meaningful

---

[2] Before this Court, Appellant has not raised ***Graham v. Florida***, 560 U.S. 48 (2010) as a basis for finding jurisdiction in this case. Although Appellant cited ***Graham*** before the PCRA court, he presented this claim well outside the 60-day requirement set forth at 42 Pa.C.S.A. § 9545(b)(2). In any event, as we have explained, Appellant was not sentenced to life in prison.

- 5 -

opportunity for release prior to death. We have previously rejected *de facto* life sentence claims under far more compelling circumstances. **See Commonwealth v. Dodge**, 77 A.3d 1263, 1276 (Pa. Super. 2013) (confinement extending into defendant's eighties did not constitute life sentence). Appellant's first claim merits no relief.[3]

Appellant next cites **Alleyne, supra** as a basis for finding jurisdiction under § 9545(b)(iii). Here, Appellant argues that because 42 Pa.C.S.A. § 9712 was declared unconstitutional by **Alleyne** and its Pennsylvania progeny, there was no statutory authority for his sentence. This claim also fails.

In **Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014), this Court held that the PCRA court lacked jurisdiction to consider an **Alleyne** argument presented in an untimely PCRA petition. We stated:

> Subsection (iii) of Section 9545[(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right

---

[3] Appellant's passing claim that the PCRA court's familiarity with the now-retired sentencing judge constituted grounds for recusal is unreviewable since Appellant presented that claim for the first time on appeal.

to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*** 

Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final.

This is fatal to [a]ppellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. Therefore, [a]ppellant has failed to satisfy the new constitutional right exception to the time-bar.

**Miller**, 102 A.3d at 994-995. (citations omitted).

Like the petitioner in **Miller**, Appellant raises his **Alleyne** claim long after his judgment of sentence became final. Moreover, as stated above in **Miller**, neither our Supreme Court nor the United States Supreme Court has held that the constitutional right recognized in **Alleyne** applies retroactively. **See also Commonwealth v. Riggle**, 119 A.3d 1058, 1067 (Pa. Super. 2015) (holding that, "**Alleyne** is not entitled to retroactive effect in [the] PCRA setting.") Hence, **Miller** does not support jurisdiction over Appellant's untimely petition.[4]

_____

[4] Appellant's reliance upon our decision in **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) is inapposite because that case
*(Footnote Continued Next Page)*

We are also unpersuaded by Appellant's contention that § 9712 must be deemed void *ab initio* since it has been held unconstitutional. Here, Appellant argues that, because this Court invalidated § 9712, it could **never** have served as legislative authorization to impose a mandatory minimum sentence. The authorities cited by Appellant, however, stand only for the proposition that legislative actions taken in violation of constitutional provisions are, as a result, void *ab initio*. ***See e.g.***, ***Norton v. Shelby County***, 6 S.Ct. 1121 (U.S. 1886). In this case, there is no showing that the General Assembly passed § 9712 in violation of any provision of the Constitutions of the United States or Pennsylvania. Instead, the statutory provision was lawfully passed and thereafter declared unconstitutional following later interpretation of the United States Constitution. Hence, Appellant's theory that § 9712 is void *ab initio* is contrary to law.[5]

The PCRA court correctly concluded that Appellant's petition was untimely. Therefore, we affirm.

*(Footnote Continued)* —————

involved a direct appeal rather than a post-conviction challenge to a final judgment of sentence.

[5] For other reasons, we cannot adopt Appellant's position that a lawfully passed statute must be deemed void *ab initio* whenever it is subsequently invalidated by later constitutional interpretation. If we accept this argument, which we do not, we would effectively overlook the clear statutory requirement that a new constitutional rule invoked for purposes of § 9545(b)(1)(iii) must be held to apply retroactively by the Supreme Court of Pennsylvania or the United States. We are not prepared to disregard such an unambiguous legislative command.

Order affirmed.

Judge Jenkins joins this memorandum. President Judge Emeritus Ford Elliott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2016